KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
KIRK A. ENGDALL, OSB #81215
Assistant United States Attorney
701 High Street
Eugene, Oregon 97401
(541) 465-6771
kirk.engdall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 04-60087-01-AA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S** |
| v. | ) | **SENTENCING MEMORANDUM** |
| | ) | Sentencing Hearing Scheduled: |
| JACOB JEREMIAH FERGUSON, | ) | June 3, 2008 at 10:30 a.m. |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through Karin J. Immergut, United States Attorney for the District of Oregon, and Kirk A. Engdall, Assistant United States Attorney, hereby submits this Sentencing Memorandum to aid the Court in determining a just and appropriate sentence in this case.

The Government has carefully reviewed the U.S. Probation pre-sentence report and agrees with the facts and sentencing calculations contained therein.

On January 10, 2007, Mr. Ferguson entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a two count information charging in Count 1, the attempted arson of the U.S. Forest Service Ranger

Government's Sentencing Memorandum - Page  1

Station in Detroit, Oregon and in Count 2, the arson of a U.S. Forest Service vehicle, parked at the Ranger Station.

Defendant's guilty plea was pursuant to a plea agreement with the Government. That agreement allows the 1995 version of the United States Sentencing Guidelines (U.S.S.G) to be used to establish the appropriate guideline range; that U.S.S.G. §2K1.4(a)(2)(Arson) is the applicable guideline section; and that the base offense level under that section would be 20 because the destruction or attempted destruction was of a building other than a dwelling.

As part of the plea agreement, the Government agreed that it would bring no additional charges against the Defendant for those criminal offenses committed in the District of Oregon including those offenses listed in paragraph 9 of the plea agreement.

The Government agreed to recommend a three-level reduction in the base offense level for Defendant's acceptance of responsibility pursuant to U.S.S.G. §3E1.1. The Government also agreed to recommend Defendant receive a sentence at the low end of the appropriate guideline range and that no fine or restitution would be imposed.

Pursuant to the plea agreement, the Defendant voluntarily waives any rights to appeal or collaterally attack his conviction and sentence in connection with this case, with the exception of ineffective assistance of counsel or retroactive amendments to the U.S.S.G., any rights he may have under *Blakely*

*v. Washington*, and a sentencing jury.  He further agrees to have any sentencing issues determined by the sentencing judge in this case.

The Defendant expressed a desire to cooperate in the investigation and prosecution of others who were involved in the commission of criminal acts. Since June, 2004, Mr. Ferguson has provided accurate and truthful information as well as other assistance to the Government.  Because of Defendant's substantial assistance pursuant to U.S.S.G. §5K1.1, the Government will seek a downward departure to the extent necessary to bring Defendant's total offense level to "Zone A" of the U.S.S.G.

Therefore, to achieve the agreed upon sentence, the Government hereby recommends a twelve (12) level downward departure from the Pre-Sentence Report's total offense level of 17, Criminal History Category II to a final adjusted offense level of 5, Criminal History Category II, with a sentencing range of 0 to 6 months.

Finally, the Government recommends Mr. Ferguson receive a sentence at the low end of the final adjusted guideline range.

Respectfully submitted this 29th  day of May, 2008.

>KARIN J. IMMERGUT
>United States Attorney
>
>*/s/ Kirk A. Engdall*
>
>KIRK A. ENGDALL
>Assistant United States Attorney

Government's Sentencing Memorandum - Page  3